**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                  No. 95-5052

TRACY LEE CHARLTON,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                  No. 95-5053

TRINI LOUIS CHARLTON,
Defendant-Appellant.

Appeals from the United States District Court
for the Middle District of North Carolina, at Salisbury.
William L. Osteen, Sr., District Judge.
(CR-94-188)

Submitted: November 15, 1995

Decided: January 8, 1996

Before WILKINS and MOTZ, Circuit Judges,
and CHAPMAN, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Nils E. Gerber, WRIGHT, PARRISH, NEWTON & RABIL, Winston-Salem, North Carolina; Gerald E. Rush, Salisbury, North Carolina, for Appellants. Walter C. Holton, Jr., United States Attorney, Lisa B. Boggs, Assistant United States Attorney, Timika Shafeek, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

The Appellants, Tracy and Trini Charlton, appeal their convictions of bank robbery,[1] bank robbery with a dangerous weapon,[2] and carrying and using a firearm during the bank robbery. [3] The Appellants contend that the evidence was insufficient to support their convictions and that a proper foundation was not laid for a witness's opinion testimony. Finding no reversible error, we affirm the convictions and sentences.

We review a denial of a motion for acquittal under a sufficiency of the evidence standard.[4] To sustain a conviction the evidence, when viewed in the light most favorable to the government, must be sufficient for a rational jury to have found the essential elements of the

---

[1] 18 U.S.C. § 2113(a) (1988).
[2] 18 U.S.C. § 2113(d) (1988).

[3] 18 U.S.C. § 924(c)(1) (1988).

[4] FED. R. CRIM. P. 29; United States v. Brooks, 957 F.2d 1138, 1147 (4th Cir.), cert. denied, ___ U.S. ___, 60 U.S.L.W. 3879 (U.S. 1992).

2

crime beyond a reasonable doubt.**5** All reasonable inferences from the facts proven to those sought to be established may be made.**6**

The government presented substantial evidence that the Appellants robbed a bank. Both Trini and Tracy gave similar confessions to investigators admitting responsibility for the bank robbery. A car driven by Tracy matched the description of the vehicle observed leaving the scene of the crime, and clothes matching those described by witnesses, and verified by the bank surveillance photographs as worn by the robbers, were found in the car. Further, bills matching the serial numbers of the money taken in the bank robbery were recovered from Trini's automobile.

The Appellants also challenge the sufficiency of the evidence that they used a firearm in the commission of their crime. Several witnesses testified that the bank robbers used a sawed-off shotgun and pistol in connection with the crime. Bank surveillance photographs corroborated the witnesses' descriptions of the weapons. Further, the Appellants, in their confessions, admitted to using a sawed-off shotgun and a BB gun that looked like a .45 caliber pistol. From the evidence presented, we find there was sufficient evidence for a rational trier of fact to convict the Appellants on all charges.

Finally, the Appellants assert that the district court erred by allowing a witness to testify that Tracy called her on the telephone and asked her not to testify. The contention is without merit. The witness was familiar with the Appellants and had conversations with both of them. It was reasonable for the court to conclude that she recognized Tracy's voice. Moreover, the court's evidentiary rulings are entitled to substantial deference.**7**

We therefore affirm the Appellants' convictions and sentences. We dispense with oral argument because the facts and legal contentions

_____

**5** **United States v. Brewer**, 1 F.3d 1430, 1437 (4th Cir. 1993); see Glasser v. United States, 315 U.S. 60, 80 (1942).
**6** **United States v. Tresvant**, 677 F.2d 1018, 1021 (4th Cir. 1982).
**7** **United States v. Russell**, 971 F.2d 1098, 1104 (4th Cir. 1992), cert. denied, ___ U.S. ___, 61 U.S.L.W. 3479 (U.S. 1993).

are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4